## JAMES PRICE v. WILLIAM ROBINSON.

Court of Chancery. New Castle. April 22, 1820.

*Ridgely's Notebook III, 99.*

*Mr. Wailes,* for the complainant, filed an affidavit of the complainant that when a deed of conveyance was made by Thomas Hanson of certain land, the said James Price, the complainant, paid off a mortgage which had been executed by said Hanson to George Simmons for the purchase money of the property; and which mortgage was then destroyed without having been recorded, as set forth in the complainant's bill, and which, the affidavit states, is a most material fact to be proved in this cause, and can be proved only by the said evidence of said George Simmons and Thomas Hanson, and that the deponent has reason to apprehend that the said Hanson will be absent from the state when evidence in this cause shall be taken, and that it is probable said Simmons may be also absent, as he has lately informed this deponent that he has not determined whether he will be absent or not; and the deponent fears that without the benefit of an opportunity to take their depositions he will incur the danger of being deprived of their evidence.

*Mr. Wailes* moved that an order should be made that these witnesses may be examined *de bene esse.* He alleged that Hanson is a seafaring man and is likely to be going to sea. Neither of them are aged or infirm.

THE CHANCELLOR. The affidavit should state the fact that Hanson is a seafaring man and should show some reason why the case should be proceeded in differently from common cases. That the witnesses exclusively know the facts is no reason for granting the motion. There are two witnesses to the fact; and a knowledge of the fact does not remain with one only. If the affidavit were to state that Hanson is a seafaring man and likely to be absent, his deposition might be taken *de bene esse;* and so if any reason were assigned to show that the complainant was in danger of losing the testimony of Simmons.

Motion refused.

An additional affidavit was filed and the order was made.